**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRENTON M. HERRON,

      Petitioner,

-vs-                               Case No.  8:11-CV-1483-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") challenging probation revocation proceedings in 2009 with respect to convictions for three counts of sale of cocaine and three counts of possession of cocaine entered in 2006 (Dkt. 1).  Respondent filed a response to the petition (Dkt. 19), and  Petitioner filed a reply (Dkt. 23).

### PROCEDURAL HISTORY

On March 13, 2006, Petitioner pleaded no contest to two counts of possession of cocaine and two counts of sale of cocaine in case number CRC04-15742CFANO, and one count of possession of cocaine and one count of sale of cocaine in case number CRC05-13105CFANO (Respondent's Exs. 1-4).  Petitioner was sentenced to five years probation on all counts (Respondent's Ex. 1). Petitioner did not appeal his convictions or sentences.

In December 2008, Petitioner's probation officer filed a 2nd Amended Affidavit alleging that

Petitioner violated certain conditions of his probation (Respondent's Ex. 1).  On January 30, 2009, the state court held a revocation hearing, at which Petitioner admitted to the violations of probation (Respondent's Ex. 2).  Petitioner's probation was revoked, and on February 6, 2009, he was sentenced to three concurrent terms of 15 years imprisonment for the three sale of cocaine counts, and to three concurrent terms of 5 years imprisonment for the three possession of cocaine counts (Respondent's Exs. 3-4).  Petitioner did not file a direct appeal.  He did, however, file *pro se* motions to withdraw his plea pursuant to Rule 3.170, Florida Rules of Criminal Procedure (Respondent's Exs. 5-6).  On February 27, 2009, the state court struck both motions as unauthorized *pro se* pleadings because Petitioner was represented by counsel at the time he filed the motions (Respondent's Ex. 6).

On June 1, 2009, Petitioner filed a state petition for a writ of habeas corpus, seeking a belated appeal of his sentence and the denial of his motion to withdraw his plea (Respondent's Exs. 7, 8, 11).  Following an evidentiary hearing on the petition on March 5, 2010 (Respondent's Ex. 17), the commissioner/judge filed his Findings and Recommendation in the appellate court on March 18, 2010, recommending the appellate court deny the petition for a belated appeal (Respondent's Ex. 18).  The appellate court denied Petitioner's petition for a belated appeal on April 29, 2010 (Respondent's Ex. 19).

While Petitioner's belated appeal proceedings were pending, he filed a Motion for Post Conviction Relief pursuant to Florida Rules of Criminal Procedure, Rule 3.850 on June 25, 2009 (see Respondent's Ex. 20 at p. 1).  On August 25, 2009, the state post conviction court issued an order denying Ground Three of the motion, dismissing Grounds Five and One (A), and dismissing the remaining grounds without prejudice to Petitioner filing an amended motion as to those grounds

2

(Id. at p. 7). Petitioner appealed. On May 7, 2010, the appellate court dismissed the appeal for lack of jurisdiction, and remanded the case to the state post conviction court with directions to enter a revised order allowing Petitioner to amend his motion within a reasonable time (Respondent's Ex. 22).

While the appeal of Petitioner's first 3.850 motion was pending, Petitioner filed a second 3.850 motion in December 2009, which he titled "Belated Amended Motion for Post Conviction Relief" (Respondent's Ex. 30). On March 24, 2010, the state post conviction court issued an order denying several grounds, and dismissing the remaining grounds without prejudice (Respondent's Ex. 31). Petitioner appealed. On October 13, 2010, the appellate court affirmed the denial of Petitioner's "belated" 3.850 motion (Respondent's Ex. 35).

While the appeal of Petitioner's "belated" 3.850 motion was pending, the state post conviction court issued an order on June 15, 2010, granting Petitioner leave to amend his first 3.850 motion (Respondent's Ex. 23).[1] Petitioner filed his "Amended Motion for Post-Conviction Relief" on July 6, 2010 (Respondent's Ex. 24). The state post conviction court denied the amended 3.850 motion on December 6, 2010 (Respondent's Ex. 25). Petitioner appealed. On October 7, 2011, the appellate court affirmed the denial of Petitioner's amended 3.850 motion (Respondent's Ex. 29).

While the appeal of Petitioner's amended 3.850 motion was pending, Petitioner filed a second Rule 3.800(a) motion to correct illegal sentence on June 17, 2011 (Respondent's Ex. 44). The state post conviction court denied the motion on July 18, 2011 (Respondent's Ex. 45).

---

[1]Petitioner also filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P., Rule 3.800(a) on January 12, 2010, in which he argued that his sentences for both sale and possession of cocaine were illegal because they arose from the same transaction and therefore violated double jeopardy (Respondent's Ex. 37). The state post conviction court dismissed the motion on March 25, 2010 (Respondent's Ex. 38). On July 7, 2010, the appellate court affirmed the dismissal of Petitioner's 3.800(a) motion (Respondent's Ex. 42).

Petitioner appealed.  The appellate court affirmed the denial of Petitioner's second Rule 3.800(a)

motion on February 22, 2012, and issued its mandate on March 6, 2012 (Respondent's Ex. 47).

On June 28, 2011, Petitioner filed the instant federal habeas petition in this court (Dkt. 1).

## DISCUSSION

## I. Timeliness

Respondent contends that the petition should be dismissed as untimely (Dkt. 19 at pp. 21-30).

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§ 2244(d) "applies on a claim-by-claim basis, not on a petition-wide basis." *Werdell v. Dep't of*

*Corr.*, 520 Fed. Appx. 854 (11th Cir. 2013) (citing *Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir.) (en

banc), *cert. denied*, 134 S. Ct. 156 (2013)).

Respondent contends that the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review (Dkt. 19 at p. 21). Respondent further argues that "the relevant Judgment is [Petitioner's] original Judgment and Sentence resulting from Petitioner's pleas of nolo contendere and sentences to probation on all counts on March 13, 2006." (Id. at p. 22). The Court disagrees.

For purposes of the habeas statute of limitations "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quotation omitted). With the exception of one claim, the petition attacks the 2009 sentence upon revocation of probation, not the 2006 probation sentence.[2]

Therefore, for all but one claim, Petitioner's limitations period commenced at the time his 2009 sentence became final upon conclusion of its direct review, or the expiration of time for such review. Respondent correctly concedes that if the relevant judgment for purposes of the statute of limitations is the 2009 probation revocation judgment, the petition is timely filed (Dkt. 19 at pp. 27-30). Accordingly, the Court concludes that Petitioner's claims, with the exception of his double jeopardy claim in Ground One, sub-claim (M), are timely.[3]

---

[2]Debatably, the portion of Ground One, Sub-claim (M) which states that counsel was ineffective in failing to object, on double jeopardy grounds, to the State charging the sale and possession of cocaine offenses as separate offenses is an attack on the 2006 judgment.

[3]The claim is time-barred because it relates to the original charges that resulted in the trial court adjudicating Petitioner guilty of the crimes and placing him on probation. Therefore, the one year statute of limitations began to run when his original conviction became final in 2006. The revocation of probation did not affect the finality of Petitioner's original judgment. The decision in *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286, 1293 (11th Cir.2007), which held that "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence[,]" is distinguishable because that case involved the correction of an invalid sentence, not a new sentence based on revocation of probation. Alternatively, as discussed below, the claim fails on the merits.

## II. Merits

### A. Standards of Review

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court's review of the state court's factual findings is highly deferential. Those findings are presumed to be correct unless rebutted by clear and convincing evidence.  Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000).  It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).  "Under § 2254(d), a habeas court must determine what arguments or theories supported. . .the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Wetzel v. Lambert*, 132 S.Ct. 1195, 1198 (2012) (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)).

**Ineffective Assistance of Counsel**

To have a facially valid claim alleging ineffective assistance of counsel, Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component. *Id*. at 697.

6

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct.

1473, 1485 (2010).  "Establishing that a state court's application of *Strickland* was unreasonable

under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. at 788.  As the *Richter*

Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and
> when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a
> general one, so the range of reasonable applications is substantial. Federal habeas
> courts must guard against the danger of equating unreasonableness under *Strickland*
> with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not
> whether counsel's actions were reasonable. The question is whether there is any
> reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

## Procedural Default

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies

available in the courts of the State. . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d

732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity

to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan

v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th

Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim

in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*,

250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995) ("[E]xhaustion of

state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in

order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners'

federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies

7

that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, Petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires Petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  Petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, Petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This

exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

**B. Analysis of Claims**

**Ground One**

In Ground One, Petitioner raises 19 sub-claims.

1. Sub-claim (A)

In his petition, Petitioner contends that trial counsel was ineffective in misadvising him regarding the sentence he would receive for violating probation.  In his reply, he submits that there was an "agreement" that he would be "sentenced to what was to be given before being sentenced to probation."  (Dkt. 23 at docket p. 2).  He asserts that he would not have admitted to the violations of probation had he known that the "trial court would increas[e] the sentence. . . ." (Dkt. 1 at docket p. 5).  Respondent submits that the record refutes Petitioner's claim because the plea colloquy establishes that Petitioner understood at the time of his plea that he could be sentenced to the statutory maximum of sixty-years imprisonment, and there was no agreement that he would receive

a specific sentence (Dkt. 19 at pp. 42-43).

Petitioner's claim fails for two reasons.  First, the claim is vague and conclusory.  Although Petitioner asserts that his attorney misadvised him regarding the sentence he would receive, he does not describe the advice that was given, or allege how it was wrong.  Further, he does not allege with whom he had an "agreement," and the specific sentence he would have received under the alleged agreement.  This ineffective assistance of counsel claim will therefore be summarily denied as vague and conclusory, without sufficient supporting allegations.  *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Second, the record refutes Petitioner's claims that he was misadvised regarding the sentence he would receive, and there was an agreement regarding the sentence he would receive.  During the hearing on the violation of probation, Petitioner's attorney stated to the court:

> Judge, the other part of it is, is that there is no agreed-upon disposition.  I've gone back to the State to see if we could come to an agreement of term of years.  I've taken eight years as Mr. Herron requested.  I've gone back with 15 years, so we've tried to negotiate this, but the State, there's no agreement.  So if he knows that his plea to this Court is an open plea to the Court where he faces, as the Court has already said, a maximum of 60 years in prison.

(Respondent's Ex. 2 at p. 11).  The trial judge explained to Petitioner that "your maximum exposure according to the plea form is 60 years on a violation of probation[,]" and "[b]y making this admission and it being an open plea, there's no agreement as to what the disposition would be. . . ." (Id. at pp. 7, 13).  Petitioner, therefore, was informed that there was no agreement of a term of years in prison, and he faced a maximum sentence of 60 years in prison.

Moreover, during the evidentiary hearing on Petitioner's motion for a belated appeal, Petitioner conceded that although he believed he was going to receive a sentence of five years in prison, his attorney never indicated to him that he would receive a five year sentence (Respondent's Ex. 17 at pp. 13-15, 28-29).  Further, Petitioner's attorney testified that he told Petitioner that he: 1) could not guarantee what sentence the judge would impose; 2) did not believe the judge would impose the 60-year maximum; and 3) would not be surprised if the judge imposed concurrent 15-year sentences (Id. at pp. 56-57).

Accordingly, sub-claim (A) does not warrant federal habeas relief.

2. Sub-claim (B)

Petitioner asserts that "[t]he trial judge improperly dismissed the defendant's allegations without an evidentiary hearing, whereby the motion for postconviction relief was legally sufficient when it was properly sworn to.  Therefore it's dismissal was premature and unwarranted without a [sic] evidentiary hearing to settle disputed issues of fact."  (Dkt. 1 at docket p. 7).  Petitioner apparently challenges the state post conviction court's dismissal, in part, and denial, in part, of Petitioner's initial Rule 3.850 motion without an evidentiary hearing (see Respondent's Ex. 20).

It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post conviction proceeding does not constitute a cognizable claim for habeas corpus relief.  This is so because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself.  *Carroll v. Secretary, DOC, Fl. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim, that the state court violated his due process rights when it summarily denied his post conviction claim without an evidentiary hearing, did not state a claim on which a federal court may grant habeas relief); *Spradley*

*v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention"); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir.2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").

Accordingly, sub-claim (B) does not warrant federal habeas relief.

3. Sub-claim (C)

Petitioner contends that counsel was ineffective in failing to locate and call alibi witnesses Dree Chapman, Patrick Clark, Clifford Perry, Amber Jones, and Gensis Wright. He asserts that the witnesses' testimony "would have undoubtedly exonerated [Petitioner] about the knowingly and willful violations of the conditions of his probation." (Dkt. 1 at docket p. 7).

In state court, Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 4). The state post conviction court dismissed the claim as facially insufficient because Petitioner failed to allege the substance of the witnesses' testimony, and how the omission of the testimony prejudiced Petitioner (Respondent's Ex. 31 at p. 4).

Petitioner's claim fails because self-serving speculation about potential witness testimony is insufficient to support a claim of ineffective assistance of counsel. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[A] defendant cannot simply state that the testimony would have been favorable"). Rather, a petitioner must present evidence about the witness testimony in the form of actual testimony, or an affidavit. *Id*. Petitioner does not even allege the substance of the witnesses' testimony, let alone present their actual testimony or an affidavit indicating to what they

would have testified. Therefore, Petitioner has not made the requisite factual showing, and his self-serving speculations regarding the witnesses' testimony will not sustain a claim of ineffective assistance of counsel. *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001) (mere speculation that missing witnesses would have been helpful is insufficient to meet a petitioner's burden of proof); *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Petitioner has not demonstrated that the post conviction court's adjudication of this claim was contrary to clearly established federal law or based upon an unreasonable determination of the facts. Accordingly, sub-claim (C) does not warrant federal habeas relief.

4. Sub-claim (D)

Petitioner contends that counsel was ineffective in failing to investigate and prepare for the probation violation hearing. Specifically, Petitioner alleges that counsel was ineffective in failing to take depositions, collect evidence, and "follow up on name of witnesses supplied to him by [Petitioner]." (Dkt. 1 at docket p. 7).

In state court, Petitioner raised this claim in his initial Rule 3.850 motion. The state post conviction court dismissed the claim, without prejudice, as facially insufficient (Respondent's Ex. 20 at p. 3, ¶ D). In his amended 3.850 motion, Petitioner attempted to amend this claim (Respondent's Exs. 24 at pp. 4-5). Petitioner alleged that counsel was ineffective in failing to adequately investigate the alleged probation violations, and file "required pre-trial motions to exclude evidence." He further alleged that he was coerced into entering an open plea to the violation of probation because counsel failed to provide "adequate representation." (Id. at p. 5). The state post

13

conviction court denied the amended claim as facially insufficient because Petitioner failed to allege: 1) how counsel's failure to investigate prejudiced him; 2) what evidence counsel should have moved to exclude, and how the failure to exclude the evidence prejudice him; and 3) facts supporting his claim that he was coerced into entering his plea (Respondent's Ex. 25 at pp. 3-4).[4]

Petitioner has failed to explain how counsel's failure to investigate the violations of probation resulted in prejudice, identify what evidence could have been excluded and why that evidence would have made a difference to his decision whether to admit to the violation of probation or proceed with a hearing, and allege any facts to support his claim that his plea was coerced. Petitioner has therefore not carried his burden to show counsel's performance was deficient and that he suffered prejudice under the *Strickland* standard.[5]

Petitioner has failed to demonstrate that the post conviction court's adjudication of this claim was contrary to clearly established federal law or based upon an unreasonable determination of the facts. Accordingly, sub-claim (D) does not warrant federal habeas relief.

5. Sub-claim (E)

Petitioner contends that:

> Defense counsel was ineffective for failing to object or present mitigating evidence regarding the Defendant's long term history of mental health treatment and history of complications and effects of psychotropic medications that the defendant is required to take twice daily and how it affects defendant's overall judgment and

---

[4]Petitioner likewise raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 5). The state post conviction court dismissed the claim as facially insufficient because Petitioner failed to alleged facts explaining how counsel was deficient in failing to investigate and prepare for the violation of probation hearing, and how he was prejudiced (Respondent's Ex. 31 at pp. 4-5).

[5]An application for relief pursuant to 28 U.S.C. § 2254 requires fact pleading. Vague and conclusory claims failing to state facts which would show an entitlement to relief can be dismissed without further effort on the part of the court. *Blackledge v. Allison*, 431 U.S. 63 (1977).

alertness.  Defense counsel should have stopped the proceeding once he was made aware that Defendant was under the influence of medication.

(Dkt. 1 at docket p. 8).

Petitioner raised a similar claim in his "belated" 3.850 motion (Respondent's Ex. 30 at pp. 5-6).  In denying the claim, the state post conviction court stated:

> The Defendant alleges that counsel was ineffective for failing to object or present mitigating evidence at sentencing regarding the Defendant's mental health. Specifically, the Defendant claims that he has a long history of mental health issues and treatment and that counsel failed to present to the Court the effects of the Defendant's psychotropic medication.  The Defendant also alleges that he was under the influence of medications during an important court hearing that required him to be aware and able to comprehend the proceedings. The Defendant claims that had counsel supplied this information to the Court, that the Defendant would have received a mitigated or lowered sentence. The Defendant claims that he would have proceeded to trial absent counsel's deficient performance.

> The Defendant's claim is vague and speculative.  The Defendant fails to pinpoint which "important court hearing" he was allegedly impaired at and he fails to explain how taking psychotropic medication would have affected the outcome of his case. Specifically, the Defendant does not allege that he was incompetent to enter a plea. In fact, during the plea colloquy, the Defendant specifically stated that he was not on any medications and assured the Court that he was clear-minded and understood what he was doing and what was happening in the proceedings. *(See Exhibit C: Change of Plea Transcript p 13)*. Additionally, counsel stated in Court that he had not experienced any problems with the Defendant's competency as the Defendant had written numerous legible and intelligent letters. *(See Exhibit C: Change of Plea Transcript p 10)*. Furthermore, the Defendant does not claim that he was insane at the time of his violation of probation nor does he explain the significance of his mental issues with regard to his sentencing.

> The only assertion the Defendant makes is an extremely speculative claim that he would have received a downward departure sentence had his mental health been brought as an issue.  The Defendant fails to meet the prejudice prong in Strickland.  It has been held that pure speculation cannot be a basis for postconviction relief. See Bass v. State, 932 So. 2d 1170 (Fla. 2d DCA 2006). The Defendant cannot speculate on how the Court would have reacted to such information, if it existed, and whether it would have influenced the Court in

15

deciding whether to sentence the Defendant to a downward departure sentence. Furthermore, the Defendant entered an open plea, knowing that he could receive a sentence up to the maximum penalty of sixty years. *(See Exhibit C: Change of Plea Transcript p 11)*. In fact, the Defendant received a sentence below the maximum. *(See Exhibit A&B: Judgment and Sentence)*. The Defendant did not meet the burden under <u>Strickland</u>; this claim is denied.

(Respondent's Ex. 31 at pp. 5-6).

The state court properly concluded that Petitioner's claim is vague and speculative. The claim is vague because it does not identify the hearing which counsel allegedly should have "stopped." To the extent it appears that Petitioner is alleging that counsel should have "stopped" the violation of probation hearing/change of plea proceedings, the record shows that counsel had no reason to move to continue the proceedings. The state post conviction court correctly found that Petitioner informed the trial court during the plea colloquy that he was not on any medications, was clear-minded, and understood what he was doing and what was happening in the proceedings (Respondents Ex. 2 at p. 13). Further, counsel stated that he had not experienced any problems with Petitioner's competency (Id. at p. 10).

Given that counsel had no reason to believe that Petitioner was not competent to enter his plea, he did not perform deficiently by failing to move to continue the proceedings. Moreover, Petitioner has presented no evidence that even if he was under the influence of psychotropic medication at the time he entered his plea, and counsel had alerted the trial court that Petitioner was using psychotropic medication, a competency hearing would have resulted or Petitioner would have been found incompetent to proceed. Petitioner's bare allegation that he was under the influence of psychotropic medication when he admitted to the violation of probation is insufficient to sustain his claims of an involuntary plea and ineffective assistance of counsel. *See*

16

*Sheley v. Singletary*, 955 F.2d 1434, 1438 (11th Cir. 1992) ("Treatment with anti-psychotic drugs does not *per se* render a defendant incompetent to stand trial. . . .The administration of drugs is merely a relevant factor in the determination of competence.") (internal citation omitted).

This claim is likewise speculative because Petitioner has failed to demonstrate a reasonable probability that he would have received a lower sentence had counsel informed the court of Petitioner's history of mental health issues and use of psychotropic medication. Petitioner has therefore not carried his burden to show counsel's performance was deficient and that he suffered prejudice under the *Strickland* standard.

Petitioner has failed to demonstrate that the state court's denial of this claim was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the state court record.  Accordingly, sub-claim (E) does not warrant federal habeas relief.

6. Sub-claim (F)

Petitioner contends that counsel was ineffective in failing to communicate with him and keep him informed about his case.  He alleges that counsel "never tried to communicate with [him] until the day of sentencing hearing."  (Dkt. 1 at docket p. 8).

In state court, Petitioner raised a similar claim in his "belated" 3.850 motion, alleging that counsel was ineffective in failing to communicate with him and keep him informed regarding the status of his case (Respondent's Ex. 30 at p. 6).[6]  The state post conviction court dismissed the claim as facially insufficient because the claim was conclusory, unsupported by facts, and did not allege prejudice (Respondent's Ex. 31 at p. 6).

---

[6]Petitioner did not allege that counsel did not communicate with him until the sentencing hearing (Id.).

Petitioner has not shown that it was contrary to or an unreasonable application of federal law for the state post conviction court to conclude that Petitioner had not alleged facts satisfying the prejudice prong of *Strickland*, to wit, a reasonable probability that Petitioner would have insisted on proceeding to a revocation of probation hearing rather than entering a plea. *See Hill v. Lockhart*, 474 U.S. at 58-59 (when a case involves a plea, the prejudice inquiry focuses on whether there is a reasonable probability that, absent counsel's deficient performance, the petitioner would have insisted on proceeding to trial rather than entering the plea). Petitioner's claim was conclusory and failed to allege with any specificity how counsel's failure to communicate with Petitioner resulted in prejudice. Moreover, the record refutes Petitioner's contention that counsel did not communicate with him until the day of the February 6, 2009 sentencing hearing, as counsel clearly communicated with Petitioner at the January 30, 2009 revocation of probation/change of plea hearing (at which Petitioner expressed his satisfaction with counsel) (Respondent's Ex. 2).

Petitioner has failed to demonstrate that the post conviction court's adjudication of this claim was contrary to clearly established federal law or based upon an unreasonable determination of the facts. Accordingly, sub-claim (F) does not warrant federal habeas relief.

7. Sub-claim (G)

Petitioner contends that counsel was ineffective in failing to file several "pre-trial motions," namely, motions to request mental health records, to take depositions, to subpoena witnesses, for a speedy trial, for a probable cause hearing, to recuse the trial judge, and for a psychological evaluation (Dkt. 1 at docket p. 8). In state court, Petitioner presented a substantially similar claim in which he asserted that counsel was ineffective in failing to file

18

fifteen motions (Respondent's Ex. 30 at p. 7).  In denying the claim, the state post conviction

court dismissed the claim as facially insufficient because Petitioner failed to allege "what filing

these motions would have accomplished, how the motions would have been a benefit to his case,

and what prejudice he suffered as a result of counsel failing to file them."  (Respondent's Ex. 31

at p. 6).

The state court's finding that Petitioner had failed to adequately allege prejudice was not

an unreasonable application of federal law or based upon an unreasonable determination of the

facts. Petitioner failed, in both state court and this court, to allege facts which demonstrate

prejudice as a result of counsel's failure to file the pre-trial motions.  Petitioner has therefore

failed to meet his burden to show that he suffered prejudice under the *Strickland* standard.

Accordingly, sub-claim (G) does not warrant federal habeas relief.

8. Sub-claim (H)

Petitioner contends that counsel was ineffective in failing to file a motion to disqualify

the trial judge for "making numerous vindictive comments that were prejudicial and biased

towards [Petitioner]."  (Dkt. 1 at docket p. 9).  Petitioner has failed to identify the allegedly

vindictive comments.  His allegation of judicial bias is therefore vague and conclusory, and

insufficient to support an ineffective assistance of counsel claim.  See *Tejada v. Dugger*, 941

F.2d at 1559.

Petitioner asserted the same vague and conclusory claim in state court in his "belated"

3.850 motion (Respondent's Ex. 30 at p. 8).  In denying the claim, the state post conviction court

noted that Petitioner had previously filed *pro se* motions to disqualify the trial judge that were

based on the same grounds raised in the "belated" 3.850 motion, and denied as legally

19

insufficient (Respondent's Ex. 31 at p. 7). The state post conviction court therefore determined that counsel was not deficient in failing to file a motion to disqualify the judge (Id.).

The state court's determination that Petitioner failed to allege a legally sufficient basis under Florida law for disqualification of the judge is solely within the province of the Florida courts, and binding on this court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."). In light of this determination, Petitioner has failed to show deficient performance by counsel, or prejudice, to wit, a reasonable probability that a motion for disqualification would have been granted had counsel made one.

Petitioner has failed to demonstrate that the state court's determination that Petitioner failed to show deficient performance by counsel was either an unreasonable application of *Strickland*, or based on any unreasonable findings of facts. Accordingly, sub-claim (H) does not warrant relief.

9. Sub-claim (I)

Petitioner contends that counsel was ineffective in failing to prepare a defense to the allegations that he violated his probation. According to the State's 2nd Amended Affidavit, Petitioner violated the conditions of his probation by: 1) committing new criminal offenses, namely, possession of cocaine, possession of a firearm by a felon, carjacking, and armed robbery; 2) associating with persons engaged in criminal activity; 3) possessing a firearm; and 4) changing his residence (Respondent's Ex. 1). Petitioner asserts that counsel should have: 1) challenged the allegation that Petitioner violated his probation by changing his residence by presenting evidence that before Petitioner changed his residence, his probation officer was informed of the change of

residence; and 2) moved for a continuance of the violation of probation hearing until after the State decided whether or not to charge Petitioner with the new criminal offenses.

Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 8-9). In dismissing the claim as facially insufficient, the state post conviction court stated that Petitioner's allegation of ineffective assistance was conclusory, unsupported by sufficient facts (Respondent's Ex. 31 at p. 7).  The state court further stated that to the extent Petitioner was challenging the sufficiency of the evidence supporting the alleged violations of the conditions of probation, the claim was not properly raised in a 3.850 motion because it should have been raised on direct appeal (Id. at pp. 7-8).

Petitioner has failed to demonstrate deficient performance or prejudice because he has failed to show that he had any viable defenses to the alleged violations of probation.  During the change of plea, Petitioner acknowledged that admitting to the violations of probation was in his "best interest[]" because there was "no way to win that[.]" (Respondent's Ex. 2 at p. 15). Petitioner now argues that he had a defense to the allegation that he violated Condition 10 of his probation by changing his residence, namely, that his probation officer was informed that he was changing his residence.  Petitioner, however, has failed to demonstrate that even if the  probation officer had been so informed, that this was a viable defense to the allegation that he violated his probation by failing to retain his residence at the Still Standing Residential Program (see Respondent's Ex. 1 at p. 1).[7]

Moreover, even if Petitioner had a viable defense to the allegation that he violated Condition 10 of his probation, he wholly fails to demonstrate that he had any viable defenses to

---

[7]Petitioner does not allege that his probation officer approved the change of residence.

the allegations that he committed new criminal offenses, possessed a firearm, and associated with

people engaged in criminal activity.  Petitioner therefore cannot establish prejudice because, as

the trial judge stated to Petitioner during the change of plea/evidentiary hearing,[8] his probation

could be revoked if the State proved that Petitioner violated any one of the conditions of his

probation.  *See Shepard v. State*, 939 So. 2d 311, 313 (Fla. 4th DCA 2006) ("It is well-settled

that probation may be revoked only upon a showing that the probationer deliberately and

willfully violated *one* or more conditions of probation.") (emphasis added); *Matos v. State*, 956

So. 2d 1240, 1240 (Fla. 4th DCA 2007) (affirming revocation of community control after striking

some of the violations but finding other violations were supported by the evidence).

Finally, to the extent Petitioner asserts that counsel should have moved to continue to the

violation of probation hearing until after the new criminal offenses were disposed of, he has

failed to demonstrate either deficient performance or prejudice.  In Florida, the finding in a

substantive trial on new charges is irrelevant because the standard necessary to find a defendant

guilty of violation of probation is merely a preponderance of the evidence, rather than guilt

beyond a reasonable doubt.  *See Blackwelder v. State*, 902 So. 2d 905 (Fla. 2d DCA 2005).

Additionally, the Court takes judicial notice of information available September 2, 2014,

on the database maintained by the Florida Department of Corrections Offender Network,

http://www.dc.state.fl.us, which indicates that Petitioner was convicted of the new criminal

offenses (possession of cocaine, possession of a firearm by a felon, carjacking, and armed

robbery) listed in the affidavit alleging the violations of Petitioner's conditions of probation (see

Respondent's Ex. 1).  Therefore, even if counsel had moved for a continuance, the continuance

---

[8]See Respondent's Ex. 2 at p. 12.

would not have changed the outcome of the revocation of probation proceedings. Accordingly, Petitioner was not prejudiced by counsel's failure to move for a continuance.

Petitioner has failed to meet both prongs of the *Strickland* standard. Accordingly, sub-claim (I) does not warrant federal habeas relief.

10. Sub-claim (J)

Petitioner contends in his federal habeas petition that counsel was ineffective in failing to consult with him and abide by his decision "to either proceed to trial or make a plea offer." (Dkt. 1 at p. 9). In state court, Petitioner asserted that counsel did not discuss the plea and plea form with him, and coerced him into accepting an open plea to the violation of probation after he informed counsel that he wanted to proceed to a violation of probation hearing (Respondent's Ex. 24 at p. 10; Ex. 30 at p. 10). In denying the claim, the state post conviction court concluded that Petitioner failed to demonstrate deficient performance because the record established that counsel discussed the plea and plea form with Petitioner, and the plea was not coerced (Respondent's Ex. 25 at pp. 10-11; Ex. 31 at p. 8).

Petitioner essentially contends that counsel was ineffective in allowing Petitioner to enter a plea that was unintelligent (because counsel allegedly did not discuss the plea and plea form with him) and coerced. "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). Although a defendant's statements during a plea colloquy are not insurmountable, "the

representations of the defendant [at a plea hearing], as well as any findings made by the judge

accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.

Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*,

431 U.S. at 73-74. "[W]hen a defendant makes statements under oath at a plea colloquy, he bears

a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168

(11th Cir. 1988).

Aside from his own self-serving allegations, Petitioner produces no evidence to

substantiate his claims that counsel failed to discuss the plea and plea form with him, and

coerced him into entering his guilty plea to the violations of probation.  During the revocation of

probation proceedings, counsel informed the court that he discussed the plea with Petitioner, and

Petitioner was prepared to admit to the violation of probation because Petitioner did not believe

he could prevail (Respondent's Ex. 2 at pp. 8-11).  Later, the court interrupted the plea colloquy

to allow counsel and Petitioner to review and discuss the plea form (Id. at pp. 14-15).  During the

plea colloquy, Petitioner affirmed that noone had threatened or forced him into admitting to the

violation of probation (Id. at p. 13).  He also attested that admitting to the violation of probation

was "in [his] best interest," because there was "no way to win it[.]" (Id. at p. 15).

The record establishes that counsel discussed the plea and plea form with Petitioner.

Moreover, Petitioner's sworn statements during the plea colloquy demonstrate that he was not

coerced into entering his plea.  Petitioner's unsubstantiated allegations fail to overcome the

strong presumption of verity afforded his sworn statements at the plea colloquy. *Blackledge*, 431

U.S. at 73-74.

To the extent Petitioner asserts that counsel was ineffective in failing to follow

24

Petitioner's instruction to "either proceed to a trial or make a plea offer," the assertion is vague,

self-serving, unsupported by any facts, and insufficient to support an ineffective assistance of

counsel claim.  Moreover, the record belies the claim.  As discussed above, Petitioner stated

during the plea colloquy that it was in his best interest to admit to the violations of probation

because there was no way he could "win."  Further, during the change of plea/evidentiary

hearing, counsel informed the court that he attempted to negotiate a plea with the State, but failed

to reach an agreement (Respondent's Ex. 2 at p. 11).

Petitioner has failed to demonstrate that the state court's determination that Petitioner

failed to show deficient performance by counsel was either an unreasonable application of

*Strickland*, or based on any unreasonable findings of facts.  Accordingly, sub-claim (J) does not

warrant relief.

11. Sub-claim (K)

Petitioner contends that counsel was ineffective in failing to inform him that he could

challenge each alleged violation of probation, call witnesses to testify at the violation of

probation hearing, and present mitigating circumstances.  In state court, Petitioner raised this

claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 10).  In denying the claim, the

state post conviction court stated that the record conclusively demonstrated that Petitioner was

fully advised of the rights he was waiving by admitting to the violation of probation

(Respondent's Ex. 31 at pp. 8-9).

Petitioner's claim fails for two reasons.  First, the claim is vague and conclusory.

Petitioner does not allege how he could have successfully defended the allegation that he violated

his probation, the names and expected testimony of his witnesses, and the nature of the

"mitigating circumstances" that could have been presented.  His claims is therefore insufficient to support an ineffective assistance of counsel claim.  See *Tejada v. Dugger*, 941 F.2d at 1559.

Second, Petitioner cannot establish prejudice.  To show prejudice in the context of a guilty plea, a petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.  Petitioner has not established a reasonable probability that he would have insisted on proceeding to a violation of probation hearing but for counsel's failure to advise him that he could challenge the allegations, call witnesses, and present mitigating circumstances. This is so because the trial court advised Petitioner of these rights, and Petitioner indicated that he understood he was waiving these rights prior to admitting to the violation of probation.[9] *See United States v. Wilson*, 245 F. App'x 10, 11-12 (11th Cir. 2007) (unpublished) (finding that counsel's deficiency would not establish prejudice if the court cured the deficiency during plea colloquy).  Moreover, during the plea colloquy Petitioner stated that admitting to the violation of probation was "in my best interest," "there was no way to win it," and "[p]robably the wisest thing I ever did."  (Respondent's Ex. 2 at pp. 15-16).

Petitioner has failed to demonstrate that the state court's denial of this claim was either based on an unreasonable determination of the facts or contrary to clearly established federal law. Accordingly, sub-claim (K) does not warrant relief.

12. Sub-claim (L)

Petitioner contends that counsel was ineffective in failing to "file motions of compliance

---

[9]The state court advised Petitioner that by admitting to the violation of probation he would be waiving his right to a hearing at which: 1) the State would have to present evidence proving a violation of probation; and 2) Petitioner could present witnesses and a defense, and testify on his own behalf (Respondent's Ex. 2 at p. 12).

regarding the victims and witnesses." (Dkt. 1 at p. 10). Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 11). The state post conviction court dismissed the claim as facially insufficient, vague, conclusory, and incomprehensible (Respondent's Ex. 31 at p. 9).

Petitioner has not shown that the state post conviction court's rejection of this ineffective assistance of counsel claim as vague, conclusory, and incomprehensible was contrary to clearly established federal law or based upon an unreasonable determination of the facts. *See Tejada v. Dugger*, 941 F.2d 1551 at 1559 (vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel). Petitioner did not allege any facts indicating the precise nature of the motion, or demonstrating that counsel was deficient in failing to file the motion.

Accordingly, sub-claim (L) does not warrant federal habeas relief.

13. Sub-claim (M)

Petitioner appears to contend that counsel was ineffective in "allowing": 1) the state trial court, after Petitioner's probation was revoked, to impose a "vindictive" sentence that was "harsher" than Petitioner's guideline scoresheet sentence; and 2) a double jeopardy violation, where the sale of cocaine and possession of cocaine offenses were charged as separate offenses. Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at pp. 11-12). In denying the claim, the state post conviction court stated that to the extent Petitioner was challenging the legality of his sentence, the sentence was legal because it did not exceed the statutory maximum penalty (Respondent's Ex. 31 at pp. 9-10). The court further stated that Petitioner failed to demonstrate that counsel rendered deficient performance because there was

no double jeopardy violation, since "separate conviction and sentencing for both sale and possession of the same quantum of cocaine does not violate double jeopardy."  (Id. at p. 10).

To the extent Petitioner contends that counsel was ineffective in allowing the trial court to impose a sentence that was illegal under Florida law because it was harsher than the sentence dictated by the applicable guidelines, the claim does not warrant relief.  Although an ineffective-assistance-of-counsel claim is a federal constitutional claim which is considered in light of *Strickland*, when "the validity of the claim that [counsel] failed to assert is clearly a question of state law, the Court must defer to the state's construction of its own law." *Will v. Secretary For Dept. of Corr.*, 278 F. App'x 902, 908 (11th Cir. 2008) (unpublished) (citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (affording deference to state court's decision "to the extent it decide[d] the validity of [the petitioner's] underlying state law claims") (superseded on other grounds; *see also Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) (holding that "[i]t is a fundamental principle that state courts are the final arbiters of state law, federal habeas courts should not second-guess them. . . .").  The state post conviction court determined that Petitioner's sentence did not violate Florida law.  Given the deference due to the state court's determination, Petitioner cannot demonstrate that counsel was deficient in failing to challenge the sentence under Florida law.

To the extent Petitioner contends that counsel was ineffective in failing to object to his sentence as vindictive, the claim likewise fails on the merits.[10]  Petitioner points to no evidence in the record to suggest that the trial court was biased or vindictive.  Rather, Petitioner appears to argue that the sentence was vindictive *per se* because it was harsher than the sentence he would

---

[10]The state post conviction court did not adjudicate this claim (see Respondent's Ex. 31).

have received under the sentencing guidelines.

Petitioner does not allege, nor does the record indicate, what his guidelines sentence would have been.  In fact, during the hearing on his motion for a belated appeal of the order denying his motion to withdraw his plea, Petitioner testified that he did not know what his guidelines sentence would have been (Respondent's Ex. 18 at p. 16).  Further, in a motion to correct an illegal sentence, Petitioner asserted, in pertinent part, that the state trial court failed to order a "sentencing guideline scoresheet."  (Respondent's Ex. 44 at p. 4).  Therefore, Petitioner's claim that his sentence was vindictive because it exceeded the applicable guidelines sentence is wholly conclusory, unsupported by any facts.

Moreover, under Florida law, "the trial court judge may impose a sentence up to and including the statutory maximum for any offense, *including an offense that is before the court due to a violation of probation or community control.*" *Moore v. State*, 882 So. 2d 977, 985 (Fla. 2004) (quoting § 921.002(1)(g), Fla. Stat. (1999) (emphasis in original)).  The maximum sentence in Petitioner's case was 60 years, and the trial court imposed only 15 years (Respondent's Exs. 2, 3).  Counsel is not deficient for failing to argue vindictive sentence when no evidence in the record supports such an argument, and a sentence well less than the statutory maximum is imposed.  Therefore, this Court concludes the Petitioner's right to effective assistance of counsel was not violated.

Finally, Petitioner's assertion that counsel was ineffective in allowing Petitioner to plead no contest to counts of both sale and possession of cocaine in violation of double jeopardy fails on the merits.  The Double Jeopardy Clause of the Fifth Amendment "protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).  Under Florida

law, sale of cocaine and possession of cocaine are not the same offense in that each crime contains an element that the other does not.  See Fla. Stat. §§ 893.13(1)(a)(1), 893.13(6)(a); *Tyler v. State*, 107 So.3d 547 (Fla. 1st DCA 2013); *Demetrius v. Sec'y, Dep't of Corr.*, 2013 U.S. Dist. LEXIS 186229, at *16 (N.D. Fla. July 24, 2013) ("Under settled Florida law, convictions and sentences for sale and possession of the same quantum of cocaine do not violate double jeopardy because the greater offense of sale of a controlled substance does not necessarily include possession.") (citing *State v. McCloud*, 577 So.2d 939, 941 (Fla. 1991)).  Because there was no double jeopardy violation, counsel was not deficient in allowing Petitioner to plead to both sale and possession of cocaine.

Petitioner has not carried his burden to show counsel's performance was deficient and that he suffered prejudice under the *Strickland* standard.  He has therefore failed to demonstrate that the post conviction court's adjudication of this claim was contrary to clearly established federal law or based upon an unreasonable determination of the facts.

Accordingly, sub-claim M does not warrant federal habeas relief.

14. Sub-claim (N)

In his petition, Petitioner contends that counsel was ineffective "during sentencing phase" in failing to object and request a competency hearing after Petitioner stated on the record that he was under the influence of psychotropic medication (see Dkt. 1 at p. 11).  Petitioner further contends that because he was under the influence of psychotropic medication and has a history of mental illness, he was mentally incompetent at the time he entered his plea (see Dkt. 23).

In state court, Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 12).  In denying the claim, the state post conviction court determined that Petitioner's

30

mental status on the day he submitted his plea, rather than a month later at sentencing, was the pertinent issue for his claim that his plea was involuntary (Respondent's Ex. 31 at pp. 10-11). The court concluded that because the plea colloquy established that Petitioner was competent to enter his plea, counsel was not deficient in failing to object to Petitioner entering a plea and request a competency evaluation (Id.).

Even if the Court was to assume deficient performance, Petitioner has failed to show resulting prejudice. "In order to demonstrate prejudice from counsel's failure to investigate his competency, [a] petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.'" *Futch v. Dugger*, 874 F.2d 1483, 1487 (11th Cir. 1989) (quoting *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988)). The federal standard for competency to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him. *See Godinez v. Moran*, 509 U.S. 389, 396-97 (1993) (citing *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam); *Drope v. Missouri*, 420 U.S. 162, 171 (1975)). The Florida standard for competency to stand trial is the same. See Fla. Stat, Section 916.12(1) ("A defendant is incompetent to proceed within the meaning of this chapter if the defendant does not have sufficient present ability to consult with her or his lawyer with a reasonable degree of rational understanding or if the defendant has no rational, as well as factual, understanding of the proceedings against her or him.").

The state court found that Petitioner was competent to enter a plea. This Court must presume the state court's finding of competency to be correct. *See Connor v. Sec'y, Fla. Dep't of*

31

*Corr.*, 713 F.3d 609, 620 (11th Cir. 2013) ("A federal court must 'presume that a state court finding of competency is correct.'") (quoting *Sanchez-Velasco v. Sec'y, Dep't of Corr.*, 287 F.3d 1015, 1030 (11th Cir. 2002)).  A review of the transcript of the violation of probation hearing supports the state post conviction court's finding that Petitioner was competent to admit to the violations of probation. Counsel informed the court that he "experienced no problems with [Petitioner's] competency to proceed. . ." and that Petitioner wrote "very legible and intelligent letters to" him (Respondent's Ex. 2 at p. 10).  Petitioner assured the court that although he had been treated for mental health issues in the past, he was not on any medication and was "very clear-minded" and understood the proceedings (Id. at p. 13).

Petitioner has failed to show by clear and convincing evidence that the state court's determination that he was competent to proceed is not fairly supported by the record.  Petitioner's history of mental illness and use of psychotropic medication does not, in and of itself, support a finding that he was incompetent at the time he admitted to the violation of probation.  *See Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. Fla. 1995) ("Although there was evidence that Medina had experienced mental problems in the past, both in Cuba and in jail, this evidence did not support a finding that Medina was incompetent at the time of the competency hearing.").

Petitioner has not carried his burden to show that he suffered prejudice under the *Strickland* standard.  He has therefore failed to demonstrate that the post conviction court's adjudication of this claim was contrary to clearly established federal law or based upon an unreasonable determination of the facts.

Accordingly, sub-claim N does not warrant federal habeas relief.

15. Sub-claim (O)

Petitioner contends that counsel "was ineffective for failing to inform the Defendant that the court could not sever counts in which the defendant was on probation.  Counsel failed to inform defendant counts were ran [sic] concurrent originally and could not be severed once probation was violated."  (Dkt. 1 at docket p. 11).  In state court, Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at pp. 12-13).  The state post conviction court dismissed the claim because it was incomprehensible, and failed to sufficiently allege deficient performance and prejudice (Respondent's Ex. 31 at p. 11).

A federal court may grant a petition for writ of habeas corpus only  if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a).  To determine whether a petitioner is in custody in violation of the Constitution, the Court must be able to discern the constitutional nature of the habeas claim.  Because the instant claim is indiscernible, it does not warrant federal habeas relief.[11]

Moreover, in order to obtain relief pursuant to § 2254, Petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established. . .Supreme Court [law]; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(1), (2).  The state post conviction court dismissed this claim because it was incomprehensible and failed to show deficient performance or prejudice.  Petitioner has failed to demonstrate that the state court's adjudication of this claim

---

[11]Although Respondent argued that this claim was "facially insufficient and incomprehensible" (Dkt. 19 at p. 59), Petitioner failed to clarify this claim in his reply (see Dkt. 23).

was contrary to clearly established federal law or based upon an unreasonable determination of the facts.

Accordingly, sub-claim (O) does not warrant relief.

16. Sub-claim (P)

Petitioner contends that counsel was ineffective in failing to request a sentencing scoresheet. He asserts that the lack of plea negotiations in his case derived from counsel's failure to obtain a sentencing scoresheet.  Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 13).  The state post conviction court dismissed the claim as facially insufficient because the allegation was conclusory and failed to show prejudice (Respondent's Ex. 31 at p. 11).

Petitioner has not shown that the state post conviction court's determination that Petitioner failed to demonstrate prejudice was contrary to clearly established federal law or based upon an unreasonable determination of the facts.  Petitioner did not allege any facts or present evidence showing that his sentence under the guidelines would have been less than the sentence he actually received, and, if so, that the State would have offered a plea, and Petitioner would have accepted it.  He therefore failed to demonstrate prejudice.  *See Jewson v. Crosby*, 2005 U.S. Dist. LEXIS 32978, 2005 WL 1684209, at *16 (N.D. Fla. 2005) (petitioner could not prove prejudice because the evidence showed that the State had made no plea offers or exhibited any inclination to plea bargain) (citing *McClenithan v. Dugger*, 767 F.Supp. 257, 258 (M.D. Fla.1991); *Zamora v. Wainwright*, 637 F.Supp. 439, 443 (S.D. Fla. 1986)).

Accordingly, sub-claim (P) does not warrant federal habeas relief.

17. Sub-claim (Q)

Petitioner asserts that counsel rendered ineffective assistance in failing to diligently represent him.  Specifically, Petitioner contends that counsel unreasonably delayed in contacting witnesses by waiting two years before sending an investigator to talk to them, and failed to adequately communicate with Petitioner, take depositions, obtain discovery, file pre-trial motions, "provide accurate information," and obtain a mental health evaluation of Petitioner (Dkt. 1 at p. 12).

Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at pp. 13-14). In dismissing the claim as facially insufficient, the state post conviction court determined that the claim was vague and conclusory and unsupported by specific facts, and failed to show prejudice (Respondent's Ex. 31 at p. 12).

"To satisfy the prejudice requirement in the plea context, a defendant must establish 'a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.'" *Hernandez v. United States*, 542 Fed. Appx. 865, 867-868 (11th Cir. 2013) (unpublished) (quoting *Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008)).  Petitioner has failed to explain how the witnesses, discovery, motions, etc., would have helped him. He therefore has failed to demonstrate a reasonable probability that but for counsel's alleged failure to diligently represent him, he would not have admitted to violating probation and instead proceeded to a revocation of probation hearing.  Therefore, Petitioner has not established that he was prejudiced by counsel's purported deficient performance.

Petitioner has failed to demonstrate that the state court's adjudication of this claim was contrary to or an unreasonable application of clearly established federal law or based upon an

35

unreasonable determination of the facts.  Accordingly, sub-claim (Q) does not warrant federal habeas relief.

18. Sub-claim (R)

Petitioner contends that counsel was ineffective in failing to provide Petitioner access to his mental health and other records.  Petitioner asserts that he was prejudiced by not having these records because they "would have given the trial court an understanding of [his] mental limitations" and were "required to mitigate the sentence."  (Dkt. 1 at p. 12).

Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 14).[12]   In denying the claim, the state trial court determined that the claim did not warrant relief because it was conclusory, unsupported by a factual basis, and failed to allege prejudice (Respondent's Ex. 31 at pp. 12-13).

Petitioner has not demonstrated that he was prejudiced by counsel's alleged deficient performance.  Even if counsel failed to provide Petitioner with "access" to the records, Petitioner obviously could have requested and obtained them himself.  Moreover, Petitioner does not allege what those records would have shown and how they would have changed his sentence.  Finally, Petitioner has failed to establish a reasonable probability that the court would have imposed a lesser sentence had the records been provided to the court.

Petitioner has failed to show that the state court's denial of this claim is contrary to or an unreasonable application of clearly established Supreme Court law, or based on an unreasonable

---

[12]In his "belated" 3.850 motion, Petitioner further asserted that he needed the records to "request a psychiatric evalution [sic]."  (Respondent's Ex. 30 at p. 14).  The state post conviction concluded that Petitioner failed to demonstrate deficient performance by counsel because the court ordered a psychiatric evaluation (Respondent's Ex. 31 at pp. 12-13).

determination of the facts.  Accordingly, sub-claim (R) does not warrant federal habeas relief.

19. Sub-claim (S)

Petitioner contends that counsel was ineffective in failing to challenge the "probable cause affidavit" as inadequate.  Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 14).  The state post conviction court denied the claim as facially insufficient because Petitioner failed to allege how the affidavit was deficient, and how he was prejudiced (Respondent's Ex. 31 at p. 13).  Further, the state post conviction court determined that the affidavit appeared "to be sufficient."  (Id.).

Petitioner has not demonstrated that counsel was deficient in failing to object to the affidavit. Petitioner has not described how the affidavit was defective.  Moreover, the state post conviction court determined that the affidavit was adequate.  Deference is accorded to the state court's determination that the affidavit was adequate under Florida law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (2001) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Because the affidavit was adequate, counsel was not ineffective in failing to argue that the affidavit was deficient.  *Cf. United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("[I]t goes without saying that counsel is not ineffective for failing to file a meritless suppression motion.") (citing *Jefferson v. Fountain*, 382 F.3d 1286, 1297 (11th Cir. 2004)).

Petitioner has failed to show that the state court's denial of this claim is contrary to or an unreasonable application of clearly established Supreme Court law, or based on an unreasonable determination of the facts.  Accordingly, sub-claim (S) does not warrant federal habeas relief.

**Ground Two**

1. Ground Two (A)[13]

Petitioner contends that counsel was ineffective in failing to file a motion to recuse the

trial judge on the ground that the judge made prejudicial and biased comments.  Petitioner also

contends that counsel "failed to file direct appeal or any other appeal that would allow claims of

trial court error to be preserved."  (Dkt. 1 at docket p. 13).

A. Failure to File Motion to Disqualify Judge

Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 15).

In dismissing the claim, the state post conviction court found that is was duplicative of the claim

asserted in Ground 1(H), which the court denied (Respondent's Ex. 31 at pp. 13, 6-7).

Petitioner failed, in both his federal habeas petition and state "belated" 3.850 motion, to

identify the judge's allegedly prejudicial and biased comments, and demonstrate impartiality or

bias on the part of the judge.  He therefore has failed to establish that counsel was ineffective in

failing to move to recuse the judge, and resulting prejudice.  Accordingly, Petitioner has failed to

show that the state court's denial of this claim is contrary to or an unreasonable application of

clearly established Supreme Court law, or based on an unreasonable determination of the facts.

B. Failure to Preserve Error for Appeal

Petitioner asserts that "[d]efense counsel failed to file direct appeal or any other appeal

that would allow claims of trial court error to be preserved."  In state court, Petitioner asserted

the same claim in his "belated" 3.850 motion (Respondent's Ex. 30 at p. 15).  The state post

conviction court treated the claim as asserting that trial counsel was ineffective in failing to

---

[13]See Dkt. 1 at docket p. 13.

preserve trial error for appeal, and dismissed the claim because Petitioner had a pending petition for a belated appeal (Respondent's Ex. 31 at p. 13).

The claim is essentially incomprehensible, and may be denied on that basis alone. Moreover, to the extent Petitioner is asserting that counsel was ineffective in failing to preserve trial court error for appeal, Petitioner has failed to identify the alleged errors. The claim is therefore vague and conclusory, and insufficient to demonstrate deficient performance and prejudice.

2. Ground Two (B)[14]

Petitioner contends that the trial court erred and denied Petitioner a fair trial when he denied Petitioner's motion to recuse the judge. He further asserts that the judge should have granted the motion to recuse because the judge made prejudicial comments and was biased.

Petitioner is not entitled to relief pursuant to this claim for the same reasons the Court denied Ground One, sub-claim (H), above. Petitioner has failed to identify the allegedly prejudicial comments, and demonstrate that the judge was biased. His claim is therefore vague and conclusory, and insufficient to support federal habeas relief.

**Ground Three**

Petitioner contends that because he has a history of mental illness and a learning disability, counsel was ineffective in failing to obtain a mental health evaluation of Petitioner. Petitioner asserts that had counsel obtained a psychiatric evaluation of Petitioner, he would have been found incompetent.

In state court, Petitioner raised a similar claim in his "belated" 3.850 motion

---

[14]See Dkt. 1 at docket p. 14.

(Respondent's Ex. 30 at pp. 16-17).  There, Petitioner alleged that he has a history of mental illness and a learning disability, and counsel was therefore ineffective in failing to obtain a psychiatric evaluation of Petitioner.  Petitioner further alleged that he was entitled to withdraw his plea because he was under the influence of psychotropic medication at the time he entered the plea (Id.).  The state post conviction court dismissed the claim as facially insufficient because Petitioner failed to state the relief he was seeking, and failed to allege that but for counsel's actions, he would not have entered the plea and instead would have insisted on going to trial (Respondent's Ex. 31 at p. 14).

Petitioner essentially alleges that he was incompetent at the time he admitted to violating his probation, and therefore counsel was ineffective in failing to obtain an evaluation to determine his competency to enter the plea.  The federal standard for competency to stand trial[15] is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him. *See Godinez v. Moran*, 509 U.S. 389, 396-97 (1993) (citing *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam); *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).  A defendant must be competent when he pleads guilty.  Florida law requires a competency evaluation only if the court or counsel "has [a] reasonable ground to believe that the defendant is not mentally competent to proceed."  *Dessaure v. State*, 55 So. 3d 478, 482 (Fla. 2010).

Petitioner does not demonstrate that counsel had a reasonable ground to believe that

---

[15]The standard governing competency to enter a valid guilty plea is the same standard for competency to stand trial. *Godinez v. Moran*, 509 U.S. 389, 398-99 (1993).

Petitioner had a mental infirmity that rendered him unable to understand the plea proceedings or consult with counsel.  During the revocation of probation hearing, counsel informed the judge that he had "experienced no problems with [Petitioner's] competency to proceed at all in any of this. [Petitioner's] written very legible and intelligent letters to me, quite a few letters. And I think the court file even may contain some motions he's filed in a quasi pro se status." (Respondent's Ex. 2 at p. 10).  During the plea colloquy, Petitioner exhibited no difficulty answering the court's questions.  He coherently expressed (1) his understanding of the rights he was giving up by entering a plea, (2) his understanding of the maximum sentence he could receive, and (3) his satisfaction with trial counsel's representation (Id. at pp. 12-16).   Petitioner averred that although he had been treated for mental illness in the past, he was not under the influence of any medication and was "very clear-minded" on the day he entered his plea (Id at p. 13).  The trial court found that Petitioner's plea was "freely and voluntarily made. . . ." (Id. at p. 16).

The record does not support, and Petitioner does not demonstrate, that he lacked "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," or that he did not have a "rational as well as factual understanding of the proceedings against him" due to a mental infirmity, learning disability, or medication.[16] *See Dusky*, 362 U.S. at 402.  Petitioner has therefore failed to demonstrate that counsel was deficient in failing to obtain a psychiatric evaluation of Petitioner to determine his competency, and that he

---

[16]In his reply, Petitioner appears to assert that despite his sworn statement in court that he was not taking medication at the time he entered his plea, he was actually under the influence of psychotropic medication (Dkt. 23 at p. 4).  Nonetheless, "[t]reatment with anti-psychotic drugs does not *per se* render a defendant incompetent to stand trial." *Sheley v. Singletary*, 955 F.2d 1434, 1438 (11th Cir. 1992) (citing *Price v. Wainwright*, 759 F.2d 1549, 1555 (11th Cir. 1985)).

suffered prejudice under the *Strickland* standard. Accordingly, Ground Three does not warrant federal habeas relief.

### Ground Four

Petitioner contends that counsel was ineffective in allowing Petitioner to enter a guilty plea that was not voluntary because Petitioner was suffering from a "mental defect" and "under the influence of psychotropic medication." In state court, Petitioner raised this claim in his "belated" 3.850 motion (Respondent's Ex. 30 at pp. 17-18). In denying the claim, the state post conviction court found that the record established that Petitioner "was of sound mind at the time he entered his plea and completely understood the consequences of entering the plea." (Respondent's Ex. 31 at p. 14).

The record supports the state post conviction court's finding that Petitioner's plea was knowing and voluntary. During the change of plea/evidentiary hearing, Petitioner advised the trial court that he understood the proceedings, the rights he was giving up by entering a plea, and the maximum sentence he could receive (Respondent's Ex. 2 at pp. 12-16). At no point during the hearing did Petitioner state that he did not understand the proceedings. He assured the court that he was "very clear-minded," and was not on any medication (Id. at p. 13). Finally, he advised the court that he was satisfied with counsel "regarding the violation of probation cases. . . ." (Id. at p. 16). The trial court found that Petitioner's plea was "freely and voluntarily made with the advice of competent counsel. . . ." (Id.).

"[T]he representations of the defendant [at the violation of probation hearing], as well as any findings by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."

*Blackledge v. Allison*, 431 U.S. at 73-74.  The trial court observed Petitioner's demeanor,

coherence and ability to communicate with the court during the plea colloquy and determined

that the plea was knowing and voluntary. Nothing in the transcript of the violation of probation

hearing indicates that Petitioner lacked a sufficient understanding of the proceedings. Petitioner's

bare allegation that his plea was involuntary because he was under the influence of psychotropic

medication when he admitted to the violation of probation is insufficient to sustain his claims of

an involuntary plea and ineffective assistance of counsel.  *See Blackledge v. Allison*, 431 U.S. at

74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to

summary dismissal, as are contentions that in the face of the record are wholly incredible.");

*Sheley v. Singletary*, 955 F.2d at 1438 ("Treatment with anti-psychotic drugs does not *per se*

render a defendant incompetent to stand trial.") (citation omitted).  He has failed to show that any

medication or mental illness affected him at the violation of probation hearing to the point that he

could not understand the proceedings or effectively consult with counsel.  *Dusky v. United States*,

362 U.S. at 402.

Petitioner has failed to rebut the presumption of correctness afforded the state court's

finding that Petitioner's plea was voluntary.  Consequently, Petitioner has failed to establish

deficient performance by counsel and prejudice.

Accordingly, Ground Four warrants no federal habeas corpus relief.

**New Claims Raised in Reply**

In his reply, Petitioner appears to attempt to raise additional claims of ineffective

assistance of counsel.  Specifically, Petitioner asserts that counsel was ineffective in failing to

advise him of a plea offer, advise him of the possibility of taking a conditional plea, discuss with

Petitioner the strength's of the State's case, adequately "prepare and litigate against Trisha Ledgers [sic] testimony," "present Ledgers [sic] confession," present witnesses and evidence, and in interfering with Petitioner's right to testify (Dkt. 23 at docket pp. 9-10).

    1. New claims are unexhausted and procedurally defaulted

    First, Petitioner's new claims are unexhausted because Petitioner does not allege or show that he presented them to the state courts. It would be futile to dismiss this case to give Petitioner the opportunity to exhaust these claims in state court because he could have and should have exhausted the claims by raising them in his Rule 3.850 motion.[17]  *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993) (where a claim has not been exhausted in state courts but would be barred if presented there, a federal court may bar the claim by relying upon the applicable state rules, since exhaustion would be futile).  Accordingly, these claims are procedurally defaulted. Because Petitioner does not allege cause and prejudice for the default, nor is there evidence of "actual innocence," the claims are procedurally barred in federal court.

    2. Petitioner may not raise a new claim in his Reply

    Second, Petitioner's attempt to raise new claims in a Reply is not authorized by the applicable rules.  Petitioner was required to state all of his claims in his petition. See Rule 2(c), Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the grounds for relief available to the petitioner . . .").  He may not amend his petition as a matter of course by including new and independent claims in his reply brief, since Respondent had

---

[17]Any further attempt at exhaustion in Florida courts would be futile because his claim would be untimely and procedurally barred under Florida law.  Fla. R. Crim. P. 3.850(f); *see Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

already served its answer.  See Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading

once "as a matter of course" at any time before a responsive pleading is served or, otherwise,

only by leave of court or by written consent of the adverse party); Rule 11 of the Rules

Governing Section 2254 Proceedings (district court may apply the Federal Rules of Civil

Procedure consistent with the Rules Governing Section 2254 Proceedings).

Petitioner did not raise these claims in his petition, did not seek leave to amend to add

these claims, and is barred from raising them in his Reply, since Respondent has not been

afforded an opportunity to address it.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.

1994) (traverse is not proper pleading to raise additional grounds for relief; in order for state to

be properly advised of additional claims, they should be raised in amended petition or statement

of additional claim); *see also, Klauer v. McNeil*, No. 3:07cv541/LAC/EMT, 2009 U.S. Dist.

LEXIS 66398, 2009 WL 2399928 at *30 (N.D. Fla. July 31, 2009); *Cleckler v. McNeil*, No.

3:07cv283/MCR/EMT, 2009 U.S. Dist. LEXIS 20741, 2009 WL 700828 at * 11 n.4 (N.D. Fla.

Mar. 16, 2009).[18]

This Court is mindful of its responsibility to address and resolve all claims raised in a

petition.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to

resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254.") (emphasis added); *Williams v. Florida Dept. of Corrections*, 391 Fed.Appx. 806, 810

---

[18]Similar considerations bar an appellant from raising a new issue in a reply brief. *See Herring v. Secretary*, *Dept. of Corrections*, 397 F.3d 1338 (11th Cir. 2005) (arguments raised for the first time in a reply brief are not properly before a reviewing court.); *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) (citation omitted); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (Court need not address issue raised for first time in reply brief), *cert. denied*, 539 U.S. 951 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).

(11th Cir. 2010).  That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

Simply put, these claims are entirely new, improperly asserted in a reply without authority by rule or leave of court. *Williams* is distinguishable. *Williams*, which reversed the district court because it failed to address two independent claims "detailed in his reply to the state's response," explained that the two claims were raised in response to the state's assertion "that William's ineffective-assistance-of-appellate-counsel claim was too vague to warrant relief, and Williams replied by asserting facts that served to clarify and expand this claim." 391 Fed. Appx. at 811. The district court therefore erred in not addressing those claims.

Unlike the claims raised in the reply in *Williams*, the new claims Petitioner purports to raise in his Reply were not raised in response to any argument from the State in its response.  Nor were they raised to clarify or elaborate on the claims raised in the petition. They raise new claims of ineffective assistance of counsel, wholly independent of the claims raised in the petition. Accordingly, they may not be raised there for the first time and need not be addressed under *Clisby* or *Williams*.

3. New claims are conclusory

Third and finally, the new claims are insufficient to state a claim for ineffective assistance of counsel because they are conclusory, unsupported by specific facts or the record.  For example, Petitioner fails to allege any factual support showing that the State made a plea offer which counsel failed to communicate to him, and a reasonable probability that he would have accepted the plea offer if counsel had communicated it to him.  Bare allegations are insufficient to entitle Petitioner to habeas relief.  *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th

Cir. 2001) (habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics).

Accordingly, the new claims raised in Petitioner's reply do not warrant relief.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on _September 11th_, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Counsel of Record

48